# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### Abingdon Division

UNITED STATES OF AMERICA

v.

KELLY ANDREW HOLLAND,

    Defendant

**REPORT AND RECOMMENDATION**
Case Number:
1:08cr00054

This matter is before the undersigned on the Defendant's Motion To Dismiss, (Docket Item No. 26) ("Motion"). The court heard the Motion on January 20, 2009. Based on the arguments and representations of counsel and for the reasons set forth below, I recommend that the court deny the Motion.

*I. Facts*

The relevant facts in this case are not in dispute. On October 28, 2008, a grand jury sitting in this district returned a one-count Indictment against the defendant charging him with violating 18 U.S.C. § 1512(c). The Indictment alleges that the defendant, on or about and between November 2005 and February 2008, corruptly concealed certain objects, including a Marlin rifle, a bow and turkey beards that he had taken from a suspect in his role as Criminal Investigator with the United State Fish and Wildlife Service with the intent to impair the objects' availability for use in an official proceeding. The Indictment also alleged that the defendant sent a letter to an official with the United States Fish and Wildlife Service on February 4, 2008,

falsely stating that he had returned the rifle and bow to the suspect when, in fact, he had not. The defendant resigned his position with the Fish and Wildlife Service effective June 30, 2007.

The defendant appeared before the court and was arraigned on the charge contained in the Indictment on November 17, 2008. The defendant entered a plea of not guilty, and the court set the case for trial on February 3, 2009.

On January 8, 2009, a grand jury sitting in this district returned a Superseding Indictment against the defendant. Count One of the Superseding Indictment contains the same charge as contained in the one-count Indictment. The Superseding Indictment also contains five additional charges against the defendant. Count Two of the Superseding Indictment charges the defendant with violating 18 U.S.C. §§ 922(j) and 924(a)(2) by knowingly possessing a stolen firearm when he possessed the Marlin rifle mentioned in Count One. Count Three of the Superseding Indictment charges the defendant with violating 18 U.S.C. § 1001 when he wrote the February 4, 2008, letter to a United States Fish and Wildlife Service official falsely claiming that he had returned the rifle and bow to the suspect.

Counts Four through Six of the Superseding Indictment concern an investigation into the defendant's alleged personal use of his government vehicle. Count Four of the Superseding Indictment charges the defendant with violating 18 U.S.C. § 1001 on October 19, 2006, when he told agents with the Professional Responsibility Unit of the United States Fish and Wildlife Service that he had not used his government assigned pickup truck for personal purposes. Count Five of the

Superseding Indictment charges the defendant with violating 18 U.S.C. § 1512(c) by corruptly concealing certain documents which showed that he had, in fact, used his government assigned pickup truck to pick up a rented trailer and excavator and deliver it to his home to perform landscaping work with the intent to impair the documents' integrity and availability for use in an official proceeding. Count Six of the Superseding Indictment charges the defendant with violating 18 U.S.C. § 1512(c) by corruptly concealing a record or document with the intent to impair the object's availability for use in an official proceeding and/or corruptly otherwise attempting to obstruct, influence and impede an official proceeding by telling a United States Fish and Wildlife Service supervisor that, in any criminal cases in which the defendant was called to testify, the government did not have to reveal to the defense information that the government knew that the defendant had lied under oath on previous occasions.

## II. Analysis

While the Motion appears to raise several grounds for dismissal of the Superseding Indictment, Holland's counsel clarified at the hearing that he seeks dismissal of the Superseding Indictment, at this time, solely on the grounds of misuse or abuse of the grand jury process. In particular, Holland's counsel argues that the Superseding Indictment issued on January 8, 2009, shows that the United States Attorney's Office continued to use the grand jury after the return of the original Indictment to improperly collect evidence for use against the defendant. Therefore, counsel urges that the charges contained in the Superseding Indictment against Holland should be dismissed with prejudice.

It is true that, "[o]nce a defendant has been indicted, the government is

- 3 -

Case 1:08-cr-00054-JPJ-PMS   Document 40   Filed 01/21/09   Page 3 of 9   Pageid#: 96

precluded from using the grand jury for the 'sole or dominant purpose' of obtaining additional evidence" for use against the defendant on the existing indictment. *United States v. Moss*, 756 F.2d 329, 332 (4th Cir. 1985) (quoting *In re Grand Jury Proceedings*, 632 F.2d 1033, 1041 (3rd Cir. 1980); *see United States v. Scott*, 784 F.2d 787, 792 (7th Cir. 1986) ("a grand jury cannot be used simply to further investigate a defendant for a crime for which she has already been indicted"). It does not, however, prohibit "'a good faith inquiry into other charges [not included in the indictment] ... even if it uncovers further evidence against an indicted person.'" *Moss*, 756 F.2d at 332 (quoting *In re Grand Jury Proceedings*, 632 F.2d at 1041).

Holland's counsel argues that, because Counts Two and Three of the Superseding Indictment arise from facts contained in the original Indictment, the Superseding Indictment, on its face, shows that the government reconvened the grand jury for the "sole or dominant purpose" of obtaining additional evidence against Holland on the charge contained in the original Indictment. This argument, however, overlooks the fact that the Superseding Indictment contains five new charges against Holland, only two of which arise from facts contained in the original Indictment. The inclusion of new charges in the Superseding Indictment "undermines the suggestion that the grand jury was used for the primary purpose of gathering evidence" against Holland on the charge contained in the original Indictment. *United States v. Avila*, 2004 WL 1698800, at *1 (N.D. Ill. July 27, 2004)(citing *United States v. Badger*, 983 F.2d 1443, 1458 (7th Cir. 1993)).

Defense counsel also argues that all of the facts alleged as bases for the additional charges contained in the Superseding Indictment were known to the

government at the time of the return of the original Indictment. Therefore, defense counsel argues, the government should be precluded from returning to the grand jury to seek a Superseding Indictment based on facts it could have presented to the grand jury at the time it sought and received the original Indictment. While it is recognized that the government may not use the grand jury as a tool "to [achieve] a tactical advantage by impairing the ability of a defendant to mount an effective defense," *United States v. Sherman*, 150 F.3d 306, 313 (3rd Cir. 1998) (quoting *United States v. Ciampaglia*, 628 F.2d 632, 639 (1st Cir. 1980)), the defense has provided the court with no case law holding that the return of a superseding indictment under similar facts is improper. In fact, the Eastern District of Virginia has held to the contrary. *See United States v. Foggo*, 2008 WL 2777009 (E.D. Va. July 14, 2008). In *Foggo*, the court held that the government's acts in seeking a second superseding indictment which "reformulated" the government's case by adding additional charges and dropping others, all based on facts known to the government at the time that the first superseding indictment was issued could "hardly qualify as using the grand jury as a tool 'to [achieve] a tactical advantage by impairing the ability of a defendant to mount an effective defense.'" *Foggo*, 2008 WL 2777009, at *5 (quoting *Sherman*, 150 F.3d at 313. "There is nothing improper about the Government bringing a superseding indictment that contains new charges. ... The mere fact that the Government brought new charges does not necessarily mean that it manipulated or abused the grand jury. " *Foggo*, 2008 WL 2777009, at *5.

There is a presumption of regularity in grand jury proceedings, and it is the defendant who bears the burden of demonstrating that an irregularity has occurred. *see Moss*, 756 F.2d at 332. I find that Holland has not met his burden in that he has failed

-5-

Case 1:08-cr-00054-JPJ-PMS   Document 40   Filed 01/21/09   Page 5 of 9   Pageid#: 98

to demonstrate that the government's sole or dominant purpose in returning to the grand jury in this case was to gather evidence for use against him on the original charge contained in the Indictment. Nor has Holland presented any evidence to suggest that the government's action in seeking the Superseding Indictment has provided the government with a tactical advantage that has impaired his ability to mount an effective defense. That being the case, I will recommend that the court deny the Motion.

## PROPOSED FINDINGS OF FACT

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. The defendant has failed to demonstrate that the government's sole or dominant purpose in returning to the grand jury in this case was to gather evidence for use against him on the original charge contained in the Indictment;
2. The defendant has failed to demonstrate that the government's action in seeking a Superseding Indictment provided the government with a tactical advantage that has impaired his ability to mount an effective defense; and
3. The defendant has failed to demonstrate that the government has abused or misused the grand jury process warranting a dismissal of the charges contained against him in the Superseding Indictment.

-6-

Case 1:08-cr-00054-JPJ-PMS   Document 40   Filed 01/21/09   Page 6 of 9   Pageid#: 99

## RECOMMENDED DISPOSITION

The undersigned recommends that this court deny the Motion To Dismiss.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. § 636(b)(1)(c):

> Within ten days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, Chief United States District Judge.

The Clerk is directed to send certified copies of this Report and Recommendation to all counsel of record at this time.

DATED: This 21st day of January 2009.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE