# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### Abingdon Division

UNITED STATES OF AMERICA

v.

KELLY ANDREW HOLLAND,

    Defendant

REPORT AND
RECOMMENDATION
Case Number:
1:08cr00054

This matter is before the undersigned on the Defendant's Motion To Suppress, (Docket Item No. 34) ("Motion"). The court heard the Motion on January 27, 2009. Based on the evidence presented, the arguments and representations of counsel and for the reasons set forth below, I recommend that the court deny the Motion.

### I. Facts

Many of the relevant facts in this case are not in dispute. The defendant, Kelly Andrew Holland, then a Criminal Investigator with the United States Fish and Wildlife Service was ordered to travel to Arlington, Virginia, on October 19, 2006, to give a statement regarding an internal investigation by the Fish and Wildlife Service into the alleged misuse of government property by Holland. The October 13, 2006, memorandum which notified Holland of his required appearance stated:

> You are advised that your willful refusal to appear, ..., and provide sworn testimony may be construed to be insubordination, which in and of itself could result in revocation of any security clearance you may hold and the

institution of disciplinary action against you, up to and including dismissal from the Service.

(Exhibit A to Motion.)

When Holland appeared as instructed on October 19, 2006, he was presented with another memorandum. Exhibit B to Motion. The subject of this memorandum was "Warning and Assurances to Employee Required to Provide Information." The October 19, 2006, memorandum stated:

> You are going to be asked a number of specific questions regarding the performance of your official duties. You have a duty to reply to these questions and disciplinary action, including dismissal, may be undertaken if you refuse to answer or fail to reply fully and truthfully.
>
> Neither your answers nor any information or evidence gained by reason of your answers can be used against you in any criminal proceeding, except that if you knowingly and willfully provide false statements or information in your answers, you may be criminally prosecuted for that action. The answers you furnish and any information or evidence resulting therefrom may be used in the course of disciplinary proceeding which could result in disciplinary action, including dismissal.

(Exhibit B to Motion.)

On October 19, 2006, Holland was placed under oath and interviewed by Fish and Wildlife Service Special Agents K. A. Toomey and Robert Jarmuz. Toomey completed a Memorandum Of Investigation on October 23, 2006, summarizing the October 19, 2006, interview of Holland. (Exhibit C to Motion.) According to this Memorandum Of Investigation:

> Prior to the start of the audiotape, SSA Jarmuz was explaining to SA Holland what was going to take place. ... SSA Jarmuz also explained that we would be compelling his testimony today and in order to do that a declination from an Assistant United States Attorney has been obtained. ...
>
> ...SSA Jarmuz explained it was the policy of the [Professional Responsibility Unit] and the Department to obtain a declination before compelling testimony. SA Holland remained upset and the undersigned explained to put it simply that since his testimony was being compelled, no criminal charges could ever be brought against him for this matter. ...

(Exhibit C to Motion.)

During the course of the interview, Holland denied using his government-assigned pickup truck to tow a personal popup camping trailer. Holland also denied that he had used his government-assigned pickup truck to tow a trailer and excavator that he had rented for personal use to his Abingdon residence. Holland further agreed to provide the investigators with a copy of a record from the rental company showing that the rental company had delivered the trailer and excavator to his residence.

The defendant resigned his position with the Fish and Wildlife Service effective June 30, 2007. On January 8, 2009, a grand jury sitting in this district returned a Superseding Indictment against Holland. Count One of the Superseding Indictment charges Holland with violating 18 U.S.C. § 1512(c) by, on or about and between November 2005 and February 2008, corruptly concealing certain objects, including a Marlin rifle, a bow and turkey beards that he had taken from a suspect in his role as Criminal Investigator with the Fish and Wildlife Service with the intent to impair the

-3-

objects' availability for use in an official proceeding. Count Two of the Superseding Indictment charges Holland with violating 18 U.S.C. §§ 922(j) and 924(a)(2) by knowingly possessing a stolen firearm when he possessed the Marlin rifle mentioned in Count One. Count Three of the Superseding Indictment charges Holland with violating 18 U.S.C. § 1001 when he wrote a February 4, 2008, letter to a Fish and Wildlife Service official falsely claiming that he had returned the rifle and bow to the suspect.

Counts Four through Six of the Superseding Indictment concern the investigation into Holland's alleged misuse of government property. Count Four of the Superseding Indictment charges Holland with making false statements in violation of 18 U.S.C. § 1001 on October 19, 2006, when he told agents with the Professional Responsibility Unit of the Fish and Wildlife Service that he had not used his government-assigned pickup truck for personal purposes. Count Five of the Superseding Indictment charges Holland with violating 18 U.S.C. § 1512(c) by corruptly concealing certain documents which showed that he had, in fact, used his government-assigned pickup truck to tow a rented trailer and excavator to his home to perform landscaping work with the intent to impair the documents' integrity and availability for use in an official proceeding and by corruptly obstructing, influencing and impeding an official proceeding or attempting to do so. Count Six of the Superseding Indictment charges Holland with violating 18 U.S.C. § 1512(c) on January 19, 2007, by corruptly concealing a record or document with the intent to impair the object's availability for use in an official proceeding and/or corruptly otherwise attempting to obstruct, influence and impede an official proceeding by telling a Fish and Wildlife Service supervisor that, in any criminal cases in which

- 4 -

Case 1:08-cr-00054-JPJ-PMS   Document 48   Filed 01/29/09   Page 4 of 11   Pageid#: 160

Holland was called to testify, the government did not have to reveal to the defense information that the government knew that Holland had lied under oath on previous occasions.

On motion of the government, Counts Three and Four of the Superseding Indictment were dismissed without prejudice on January 28, 2009.

## *II. Analysis*

Holland moves to suppress from evidence at trial any statements that he made during the compelled interview on October 19, 2006, as being involuntary and given under duress and in response to threats of coercive action in violation of his Fifth Amendment right against self-incrimination. In particular, Holland argues that his October 19, 2006, statements were not voluntary, in that they were made under the threat that he could be terminated from his job if he did not appear and answer questions regarding the investigation into his alleged misuse of government property. That being the case, Holland argues that the Supreme Court's decision in *Garrity v. New Jersey*, 385 U.S. 493, 498-500 (1967), prohibits the use of his statements against him in this prosecution.

In *Garrity*, police officers were being investigated concerning the alleged fixing of traffic tickets. *See* 385 U.S. at 494. The officers in *Garrity* were told that they had the right to refuse to answer any question that would tend to incriminate them, but they could be subject to removal from office if they refused to answer. *See* 385 U.S. at 494. The officers answered the questions, and their statements were used against

them in a subsequent prosecution for conspiracy to obstruct the administration of the traffic laws. *See Garrity*, 385 U.S. at 495. The Court held that, under the circumstances, the officers' statements were not voluntary and should not have been used against them in a subsequent criminal prosecution. *See Garrity*, 385 U.S. at 497-98, 500.

In this case, it is undisputed that Holland's October 19, 2006, statement was not voluntary, in that Holland was told that if he refused to answer the investigator's questions he would be subject to disciplinary action, including dismissal from his job. The government concedes that, if Holland had been charged with misuse of government property, the Supreme Court's holding in *Garrity*, 385 U.S. at 498-500, would prevent the use of his October 19, 2006, statements against him.

Holland, however, is not charged with misuse of government property. Instead, he is charged with the obstruction of justice based on his actions during the investigation into his alleged misuse of government property. Courts have held that "a defendant cannot immunize acts of perjury through suppression of false statements that were taken in violation of the defendant's constitutional rights." *United States v. Kennedy*, 372 F.3d 686, 693 (4th Cir. 2004) (citing *United States v. Wong*, 431 U.S. 174, 177-80 (1977); *United States v. Mandujano*, 425 U.S. 564, 576-78 (1976)). The Supreme Court also has held that the Fifth Amendment right against self-incrimination does not prevent use of a compelled statement against a defendant in a prosecution for making false statements. *See United States v. Knox*, 396 U.S. 77, 79-80 (1969)). Holland, however, is not charged with perjury. Nor is he any longer charged with making false statements. Instead, Holland is charged with two counts of obstructing

-6-

justice in violation of 18 U.S.C. § 1512(c). Thus, the issue in this case is whether the government should be allowed to introduce Holland's compelled statements as evidence on his obstruction of justice charges.

In *United States v. Veal*, 153 F.3d 1233, 1243-44 (11th Cir. 1998), the Eleventh Circuit held that a police officer's false statements given in a compelled internal investigation interview could be used against the officer in a later prosecution for obstruction of justice under 18 U.S.C. § 1512. The statements at issue in *Veal* were made by the officers during a police department investigation into the killing of a criminal suspect by a fellow officer. The officers argued that their statements should be suppressed under *Garrity,* 385 U.S. 493, because, pursuant to departmental policy, they could not invoke their Fifth Amendment right to refuse to submit to questioning without being terminated from their positions. *See Veal*, 153 F.3d at 1239.

The court rejected that argument stating:

> Under *Garrity*, an accused in an internal investigation may be confronted with the grim reality that he can either refuse to give any information and lose his job *or* provide an incriminating statement about the matter under investigation and not be prosecuted concerning that matter. An accused may not abuse *Garrity* by committing a crime involving false statements and thereafter rely on *Garrity* to provide a safe haven by foreclosing any subsequent use of such statements in a prosecution for perjury, false statements, or obstruction of justice. ...
>
> Although an accused may not be forced to choose between incriminating himself and losing his job under *Garrity*, neither *Garrity* nor the Fifth Amendment prohibits prosecution and punishment for false statements or other crimes committed while *making Garrity*-protected statements. Giving a false statement is an *independent* criminal act that

-7-

> occurs *when* the individual makes the false statement; it is *separate* from the events to which the statement relates, the matter being investigated. ... We ... have determined that *Garrity*-insulated statements regarding *past* events under investigation must be *truthful* to avoid *future* prosecution for such crimes as perjury and obstruction of justice. *Garrity* protection is not a license to lie or to commit perjury.
>
> ...*Garrity* precludes the use of protected statements in a criminal prosecution regarding the investigated matter to which the statement relate. *Garrity* does not prevent the admission of *false* statements in a trial for perjury or obstruction of justice, crimes that occurred at the time when the false statements were given.

*Veal*, 153 F.3d at 1243-44.

Although the count charging Holland with making false statements has been dismissed on the government's motion, the government has informed the court that it intends to offer Holland's October 19, 2006, statements into evidence regarding the obstruction of justice charges contained in Counts Five and Six of the Superseding Indictment. As stated above, Count Five charges Holland with violating 18 U.S.C. § 1512(c) from October 20, 2006, to January 19, 2007, by corruptly concealing certain documents which showed that he had, in fact, used his government-assigned pickup truck to tow a rented trailer and excavator to his home to perform landscaping work with the intent to impair the documents' integrity and availability for use in an official proceeding and by corruptly obstructing, influencing and impeding an official proceeding or attempting to do so. Count Six charges Holland with violating 18 U.S.C. § 1512(c) on January 19, 2007, by corruptly concealing a record or document with the intent to impair the object's availability for use in an official proceeding and/or corruptly otherwise attempting to obstruct, influence and impede an official

proceeding by telling a Fish and Wildlife Service supervisor that, in any criminal cases in which he was called to testify, the government did not have to reveal to the defense information that the government knew that Holland had lied under oath on previous occasions.

As the court reasoned in *Veal*, these alleged offenses, if they occurred, are independent crimes, separate from the events being investigated at the time that these alleged offenses occurred. *See Veal*, 153 F.3d 1243. Holland is not being prosecuted for past criminal activity based on what he was forced to reveal in his October 19, 2006, statement; he is being prosecuted for crimes which the government alleges occurred after he gave this statement. *See Annunziato v. Deegan*, 440 F.2d 304, 306 (2nd Cir. 1971) (Fifth Amendment did not prevent use of grand jury testimony provided under compulsion to testify or be removed from public office in later prosecution for perjury before the grand jury). Thus, I am persuaded that *Garrity* does not preclude the use of Holland's statements in this prosecution for obstruction of justice.

I am further persuaded that the policy reasons cited for allowing involuntary compelled statements to be used against a defendant in a later prosecution for perjury or making false statements equally apply to a later prosecution for obstruction of justice. "Certainly the investigation of wrongdoing is a proper governmental function; and since it is the very *purpose* of an investigation to uncover the truth, any falsehood relating to the subject of the investigation perverts that function." *Brogan v. United States*, 522 U.S. 398, 402 (1998). Granting Holland's suppression motion would allow law enforcement officers facing similar circumstances to lie or conceal evidence with

-9-

impunity in order to keep their jobs without fear of future prosecution. Such conduct cannot be allowed.

## PROPOSED FINDINGS OF FACT

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. Holland's October 19, 2006, statement was not voluntary in that it was given under threat of disciplinary action, including dismissal from his position, if he refused to submit to questioning; and
2. The Fifth Amendment right against self-incrimination does not prevent the use of Holland's October 19, 2006, statement in his prosecution for obstruction of justice.

## RECOMMENDED DISPOSITION

The undersigned recommends that this court deny the Defendant's Motion To Suppress.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. § 636(b)(1)(c):

> Within ten days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations could waive appellate review.

The Clerk is directed to send certified copies of this Report and Recommendation to all counsel of record at this time.

DATED:   This 29th day of January 2009.

/s/  *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE